**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CAROLYN JEWEL; et al., | No.    19-16066 |
| Plaintiffs-Appellants, | D.C. No. 4:08-cv-04373-JSW |
| v. | |
| NATIONAL SECURITY AGENCY; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted November 2, 2020
Seattle, Washington

Before:  McKEOWN, GOULD, and BEA, Circuit Judges.

This appeal is the third trip to our court for a group of plaintiffs (the "*Jewel*

Plaintiffs*") in their long-running statutory and constitutional challenges to

government surveillance programs.  *See Jewel v. Nat'l Sec. Agency*, 673 F.3d 902

(9th Cir. 2011) ("*Jewel I*"); *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622 (9th Cir.

2015) ("*Jewel II*").  The *Jewel* Plaintiffs now appeal the district court's denial of

---

        *        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

their motion for partial summary judgment and grant of the government's cross-motion for partial summary judgment, as well as its subsequent grant of the government's motion for summary judgment and denial of their cross-motion to proceed to resolution on the merits. In an earlier appeal, we noted that the *Jewel* Plaintiffs might ultimately face "procedural, evidentiary and substantive barriers" to proving standing at a later stage of the litigation. *Jewel I*, 673 F.3d at 911. That prediction has now come to pass. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo an order granting summary judgment. *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083 (9th Cir. 2011). We review for an abuse of discretion the district court's exclusion of evidence at summary judgment and will affirm "unless its evidentiary ruling was manifestly erroneous *and* prejudicial." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002).

The *Jewel* Plaintiffs failed to set forth sufficient evidence of standing for each of their claims to survive the government's motions for summary judgment. Specifically, the *Jewel* Plaintiffs failed to set forth sufficient evidence of particularized injuries in fact—the standing element in dispute on appeal—demonstrating that the government has interfered with *their* communications and communications records. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) ("To establish injury in fact, a plaintiff must show that he or she suffered an

invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." (internal quotation marks and citation omitted)).

Their argument that, pursuant to the procedures set forth in 50 U.S.C. § 1806(f), they may use classified evidence to establish their standing ignores the fact that it is *their* "burden to prove their standing *by pointing to specific facts*," which they have failed to do here. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 412 n.4 (2013) (emphasis added); *see also TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2207 (2021) ("As the party invoking federal jurisdiction, the plaintiffs bear the burden of demonstrating that they have standing.").

Because the *Jewel* Plaintiffs "failed to establish the existence of an element essential to [their] case on which [they] will bear the burden of proof at trial," the district court properly granted summary judgment to the government on all claims. *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1222 (9th Cir. 1995); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

The district court did not abuse its discretion in excluding evidence at summary judgment. *See Orr*, 285 F.3d at 773. But even assuming it did so, any such error was not prejudicial, because even considering the excluded evidence, the *Jewel* Plaintiffs have failed to set forth sufficient evidence of standing. The district court also did not abuse its discretion in denying the *Jewel* Plaintiffs'

counsel secure access to the classified evidence in this case. *See* 50 U.S.C. § 1806(f) ("[T]he court may disclose . . . materials relating to the surveillance only where such disclosure is necessary to make an accurate determination of the legality of the surveillance."); *Fazaga v. Fed. Bureau of Investigation*, 965 F.3d 1015, 1065 n.49 (9th Cir. 2020).

In view of our determination, we need not consider whether the district court erred in also concluding that the *Jewel* Plaintiffs' claims were barred by the state secrets privilege.

**AFFIRMED.**